J. R. ZACHERY *v.* MOBILE & OHIO RAILROAD CO.

COMMON CARRIERS.    *Passengers.    Blind person.*

> A common carrier of passengers cannot refuse to carry a person otherwise qualified, upon the sole ground that he is blind.

FROM the circuit court of Clarke county.
HON. S. H. TERRAL, Judge.
The facts are stated in the opinion.

*J. L. Buckley* and *D. W. Heidelberg*, for the appellant.

The declaration does not present the question of the right of the company to pass a rule or regulation requiring blind persons, before riding on its trains, to provide themselves with an assistant.    It does not appear that any such rule or regulation was ever enacted.    The declaration presents the simple question whether a railroad company can prevent blind persons, under any and all circumstances, from riding on its trains, and whether it can refuse to permit a blind person from taking passage without informing him upon what ground the refusal is based, he being able and willing to comply with all the conditions demanded.    The exact point seems never to have been presented in any court in this country, which fact in itself is

evidence that the law is with us.    There exists the same show of reason for not permitting the blind to travel on highways and streets as there does for denying them the right to travel on trains.    In any crowded street there is much danger, to the traveling blind, of being injured by vehicles and cars.    Yet it has been decided that a blind person, and one lame and deaf, has a right to walk where other persons, not disabled, have the right.    Buswell on Law of Personal Property, p. 223, sec. 146.    "The old and the infirm, however, not less than the young and the agile, have a right to move about and attend to their business, and are entitled to the protection of the law in so doing. . . . The old, the lame, and the infirm are entitled to the use of the streets, and more care must be exercised towards them by engineers than those who have better powers of motion. . . . Physical disabilities of the character mentioned in this section, which may be designated as natural or providential disabilities, are to be conceded a far higher indulgence in the law than the self-inflicted disability of drunkenness.    It may be said that men make themselves drunk at their own peril, but men are not to be held blind, or deaf, or lame, or aged in any such sense."    Beach on Contributory Negligence (2d ed.), p. 500, sec. 396.

"A person who is blind, aged, sick or infirm, if his condition is known to the carrier, is entitled to more care and attention than one who is under no such disability, as to the time allotted and the assistance shown in getting in and off the train."    *Hanks* v. *Chicago & Alton Railroad Co.*, 1 Mo. App. Rep., 92.

Section 4287 of annotated code of 1892 provides that "the track of every railroad which carries persons or property for hire is a public highway, over which all persons have equal rights of transportation for themselves and their property, and for passengers, freight, and cars," etc.    The blind, as well as those who have their sight, are included in the language of the above section.

*Charles M. Wright,* for appellee.

"One who from any cause is not able to do as travelers usually do in conforming to the usage in running trains for the traveling public, should avoid them, or secure the assistance necessary to enable them to accomplish what is required of persons generally." *Sevier* v. *Railroad Co.,* 61 Miss., 11. It is evident that one blind is incapable of taking care of himself. He is unable to do as "travelers usually do." The law imposes on him the duty of taking care of himself and providing himself with an assistant. It will not then impose on the railroad company the duty to accept him as a passenger without such assistant.

*A. J. Russell,* on same side.

The declaration does not advise the defendant how the plaintiff is damaged. It alleges plaintiff "preached the gospel, made mattresses and sold books" for a living. The declaration then shows plaintiff was prevented from keeping an engagement at Vinegar Bend, Buckatunna, Enterprise and Ellisville. It does not appear in the declaration whether these engagements were engagements to preach, make mattresses or sell books; or whether they were engagements to perform all of these services.

The declaration then concludes with the averment that plaintiff, in round numbers, is damaged seven thousand dollars. Whether for sermons, mattresses or books, or a combination of two or all of them, we respectfully submit that these allegations are entirely too vague and uncertain upon which to base a recovery.

Again, the declaration alleges that plaintiff was blind, and applied for passage on defendant's train, without averring that he had an attendant. Pleadings are construed most strongly against the pleader, and the presumption is that the plaintiff has no attendant, else he would have alleged it. We insist that, as a matter of law, a blind man, without an attendant, is not "entitled to travel as persons generally do." We affirm,

as a corollary of the two decisions of our court, *Weightman* v. *Railroad Co.*, 70 Miss., 563; *Sevier* v. *A. & V. Ry. Co.*, 61 Miss., 8, that a railroad company has the right to decline to receive and accept as passengers persons presenting themselves as such, who are known to the railroad company to be, from any cause, unable to care for themselves as others do who travel generally, and by the acceptance of whom the railroad company would thereby assume burdens and obligations to care for said passengers in such condition that they do not discharge toward the traveling public generally.

Argued orally by *A. J. Russell*, for appellee.

STOCKDALE, J., delivered the opinion of the court.

On the thirteenth of March, 1896, appellant exhibited his declaration in the circuit court of Clarke county, alleging that, for several years, he had been traveling on appellee's road, and had business at various stations, and had never given cause of complaint to appellee's servants, and no objection had been made to his riding on appellee's trains until January 25, 1896, and February 23, 1896, at which times appellee refused to sell him tickets from Chickora to Vinegar Bend, and from Vinegar Bend to Buckatunna, which was humiliating and annoying, he being away from home; that, on March 13, 1896, he was again denied a ticket to ride on defendant's road, at Stonewall station, and that, on all these occasions, he offered to the agents of said road the price of the fare, and had engagements that he was deprived of filling on account of the wilful refusal of appellee's agents to sell him tickets; that appellee had no other reason for refusing him passage than that appellant was blind, which is true.

To this declaration appellee (defendant below) interposed a demurrer, upon the ground that the declaration shows that the plaintiff was blind, and was not a fit person to travel by himself, and that, as a matter of law, defendant had a right to

decline to sell plaintiff a ticket unless accompanied by an attendant. The court below sustained the demurrer, and plaintiff appealed.

The demurrer admitting the truth of the allegations of the complaint, one of which is to the effect that the appellant had been riding on appellee's road for several years, pursuing his occupation, and had given no cause of complaint, and none had ever been made until January 25, 1896, and that the sole reason for rejecting him as a passenger was his blindness, it follows that the naked question, detached from any attending circumstances, is whether a person, otherwise qualified, may be rejected as a passenger for the sole reason that he is blind, and this court is asked to announce that to be the law. There seems to be a scarcity of decisions on the precise point.

In Rorer on Railroads, vol. 2, p. 957, it is laid down as the law that "as common carriers of persons, railroad companies are ordinarily bound to carry, according to their reasonable rules and regulations, and in accordance with their regular time cards, all persons who apply to be carried, and are ready to pay, and do pay the usual fare when required, except unsuitable persons, hereinafter mentioned." These exceptions are those who desire to injure the company, notoriously bad or justly suspicious persons, gross or immoral persons, drunken persons, and those who refuse to obey the rules.

It is laid down in Angell on Carriers, sec. 524, to be the common law that "it is the duty of public or common carriers of persons *to receive all persons who apply for a passage*" (these words italicized). In sec. 525 it is said: "It is, in fact, beyond all doubt that the first and most general obligations on the part of public carriers of passengers, whether by land or water, is to carry persons who apply for a passage."

These are the general rules, subject always to the exceptions enumerated; but we have not found any decision holding that, as a matter of law, a person can be rejected because he is blind. It is urged by counsel for appellee that a rule of a railroad

company authorizing the refusal, by its agents, of an infirm passenger, unless provided with an assistant, is reasonable and demanded by the convenience of the traveling public. A proposition we do not controvert, but in this case there is nothing in the record to show that appellee had made or promulgated such a rule. On the contrary, it is alleged in the complaint and admitted by the demurrer, that appellant was not infirm but robust, able to take care of himself, and to comply with the rules applying to passengers generally; that he had been traveling on appellee's road for several years, and given no cause of complaint to appellee's servants, and none was ever made. All this being admitted by the demurrer, the doctrines laid down in *Sevier* v. *A. & V. R. R. Co.*, 61 Miss., 10, relied on by appellee, do not apply to this case. There is nothing to show that appellant was informed that the absence of an attendant was the cause of his rejection, and nothing to show that he needed one. Appellee's counsel contends that infirm passengers require more and extra care, and for that reason railroad companies have the right to reject them. But appellee admits, by its demurrer, that appellant was not such a passenger, and had never required extra care.

We do not desire to intimate any opinion as to what regulations and rules railroad companies may make as to passengers, but we decline to hold that, as a proposition of law, stripped of all attending circumstances, public carriers of passengers can reject a person otherwise qualified, upon the sole ground that he is blind.

*The judgment of the court below is, therefore, reversed, the demurrer overruled and the cause remanded.*